ALDEN A. BATTEY *v.* NEHEMIAH S. HOPKINS.

Where one who held the legal title to a farm, with a resulting trust to his daughter, with whose money it had been purchased, at her request conveyed the same to a third person, on condition that " she should provide a good and sufficient home and living " for the daughter " during her natural life," but if the daughter should see fit to marry, then the farm conveyed should "revert back" to the daughter, her heirs, &c. after marriage, provided she or they should reimburse the grantee for all the expenses of living up to the time of marriage, and for all the improvements, if any, made upon the farm, *Held:* the daughter having married and reimbursed the grantee according to the condition of the deed, that she became thereby immediately clothed with the legal title to the farm; the clause of the deed in her favor being construed to operate by way of a conditional limitation.

TRESPASS and ejectment to recover possession of a farm in Scituate.

The case was submitted to the court, under the general issue, in law and fact, and was as follows: — The plaintiff claimed title to the farm, mediately, under Josiah W. Battey, and that the said Josiah was entitled to the same as heir at law of his daughter, Mary E. Chaping, afterwards, by marriage, Mary E. Steer, who died without issue, before her said father. The defendant claimed under a deed from Elizabeth Hopkins; and the question between the parties arose out of the provisions of a deed executed by the said Josiah W. Battey to the said Elizabeth Hopkins, in August, 1849. This deed, which conveyed the farm in contest to Elizabeth Hopkins in consideration of the sum of five hundred dollars, contained the following condition : —

" The condition of this deed is as follows : — Whereas my daughter, Mary E. Chaping, having furnished the aforesaid sum of five hundred dollars in purchasing the aforenamed farm of Jonah Titus, and also being in ill health, at the request of my said daughter, Mary E., I have given the aforesaid deed, and upon the following contract entered into by the said Mary E. and Elizabeth Hopkins, wife of Duty Hopkins, of Scituate, to wit: the said Elizabeth Hopkins, her heirs, executors, administrators or assigns, shall furnish and provide a good and sufficient home and living for the said Mary E. during her natural life. But if the said Mary E. should see fit to marry previous to the end of her said natural life, then the aforesaid property above deeded shall revert back to the said Mary E. or her heirs, executors, administrators or assigns, after marriage ; provided she the said Mary E., or her assigns, shall pay or cause to be paid all the expenses she may have been to, in living, up to the time of said marriage, and also by paying for the improvements, if any, which shall have been made upon said land. I, the said Josiah W. Battey, do hereby retain the privileges of water running across said land, deeded as above."

It was proved, that in November, 1850, Mary E. Chaping intermarried with Curles Steer, of Scituate, and shortly after, in the December of the same year, died intestate, and without issue, leaving her father, the said Josiah W. Battey, her sole heir at law. Evidence was submitted, on both sides, upon the ques-

Battey *v.* Hopkins.

tion of fact, whether Mary E. Chaping had reimbursed Elizabeth Hopkins for her expenditures, according to condition of the deed, so as to entitle her again to the estate, the result of which is stated in the opinion of the court.

*Thurston* and *Ripley,* for the plaintiff.

*G. M. Sayles* and *Metcalf,* for the defendant.

BOSWORTH, J. The clear intent of the parties to the deed from Josiah W. Battey to Elizabeth Hopkins ought to be carried out, if it can be consistently with the rules of law. From the recitals in the deed it appears, that the legal title to the land at the time of the grant was in the grantor, while the equitable ownership or title was in Mary E. Chaping, his daughter. The conveyance was made at the request of the equitable owner, in pursuance of an agreement between her and the grantee, by which it was understood that the grantee, her heirs, and assigns, should, in consideration of the conveyance, furnish to the said Mary E. Chaping a good home and living during her natural life; but if the said Mary E. should see fit to marry, the property should *revert* to her, her heirs, and assigns, she or they paying the expenses of living up to the time of marriage, and for all improvements that might be made on the land. The proof made in the case satisfies the court, that the said Mary E. Chaping was lawfully married in her lifetime, and that full satisfaction was made to the grantee in the deed for all expenses of the living by her furnished to the said Mary E. Chaping, and that the grantee has made no improvements on the land.

It would seem, therefore, that in equity the title to the land ought to have vested in Mary E. Chaping upon the event contemplated in the deed, — viz.: her marriage. Is there anything in the rules of law to prevent this title from vesting in her? The grantee, Elizabeth Hopkins, if she still holds this title, has it without consideration; all that she has expended in pursuance of the contract under which she took the deed having been reimbursed to her, according to the proof. It is objected that the rule of law is, that the benefit of a condition can only be reserved to a donor and his heirs, not to a stranger; and that the term, *revert,* in its strict, literal meaning, implies a *return* of

the estate, which, of course, could only be to the donor from whence it came. But words are to be construed in the sense in which they are used, if that sense can be clearly ascertained. The grantor of this deed had, according to its recitals, nothing but the bare legal title to the estate granted; the real title being in Mary E. Chaping. He wished to comply with the desire of his daughter, which is patent in the whole transaction, viz.: to provide, with her own property, a living for his daughter for her life, if she remained single, and at the same time to provide that in the event of her marriage she should, upon payment of what her living should cost up to that time, have her land again. This would be the reversion of the property which she had when the deed was executed; and the expression, " revert," was a natural, though perhaps not a very artistical use of the word, and was intended to operate as a conveyance over to her, by which, in addition to the equitable title which she had in the beginning, she would, upon the contemplated contingency, be invested with the legal title to the land. The true effect of this deed was therefore, as we think, to convey to Elizabeth Hopkins an estate on condition, with a gift over upon a contingency, which is in law a conditional limitation. Such a limitation over gives to the person claiming under it, whether heir or stranger, an immediate right to the estate. See Cruise's Dig. vol. 2, p. 282, and cases there cited. We think, therefore, that the legal title to this estate concurs with the clear equity of the case, and was vested in Mary E. Chaping after her marriage; and judgment must be rendered for the plaintiff, who derives his title from her.